UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------

KAREN VEERASWAMY,

       Appellant,

    v.

LORI LAPIN JONES, as Chapter 7 Trustee of the
Estate of Velappan Veeraswamy,

       Appellee.

-----------------------------------------------------------------

NOT FOR PUBLICATION

**MEMORANDUM & ORDER**
19-CV-02137 (MKB)

MARGO K. BRODIE, United States District Judge:

  On April 10, 2019, Appellant Karen Veeraswamy filed a notice of appeal seeking to appeal an April 9, 2019 Order of the Bankruptcy Court for the Eastern District of New York denying Appellant's motion to stay the turnover of funds (the "April 9, 2019 Order"). (Notice of Appeal, Docket Entry No. 1.) On April 12, 2019, Appellant filed a motion to stay the turnover of funds in the adversary proceeding in the Bankruptcy Court. (Mot. for Stay, Docket Entry No. 3.) As explained in detail below, because the April 9, 2019 Order is not a final order and the exercise of jurisdiction would be inappropriate in this case, the Court dismisses the appeal. The Court also denies Appellant's motion for a stay as moot.

  **I. Discussion**

  An appeal from "final judgments, orders, and decrees" of the bankruptcy court may be appealed to a district court as of right. *See* 28 U.S.C. § 158(a)(1); *Cmty. Bank, N.A. v. Riffle*, 617 F.3d 171, 173 (2d Cir. 2010) (quoting same); *Osuji v. U.S. Bank, Nat. Assoc.*, 285 F. Supp. 3d 554, 557 (E.D.N.Y. 2018) (quoting same); *In re Adelphia Comm's Corp.*, 333 B.R. 649, 656 (S.D.N.Y. 2005) ("Final orders of the bankruptcy court may be appealed to the district court as

of right."). An order is final if it "finally dispose[s] of discrete disputes within the larger bankruptcy case." *In re Penn Traffic Co.*, 466 F.3d 75, 77–78 (2d Cir. 2006) (alteration and citation omitted). "A 'dispute' for appealability purposes in the bankruptcy context, means at least an entire claim on which relief may be granted." *In re Fugazy Exp., Inc.*, 982 F.2d 769, 775 (2d Cir. 1992); *see also Salim v. VW Credit, Inc.*, 577 B.R. 615, 622 (E.D.N.Y. 2017) (quoting same); *In re Calpine Corp.*, 356 B.R. 585, 592 (S.D.N.Y. 2007) (same).

Orders that are non-final may be appealed to the district court with leave of the district court. *See* 28 U.S.C. § 158(a); *Cmty. Bank, N.A.*, 617 F.3d at 173; *see also Yerushalmi v. Shibolelth*, 405 B.R. 44, 47 (E.D.N.Y. 2009) ("Interlocutory orders and decrees may be appealed with leave of the court." (alterations, citation, and internal quotation marks omitted)); *MCI WorldCom Comm's v. Comm's Net. Int'l, Ltd.*, 358 B.R. 76, 78 (S.D.N.Y. 2006) ("Although final orders of a bankruptcy court may be appealed to the district court as of right, appeals from non-final bankruptcy court orders may be taken only 'with leave' of the district court." (alterations, citations, and internal quotation marks omitted)).

In determining whether to grant leave to appeal an interlocutory bankruptcy court order, district courts consider whether "the order (1) involves a controlling question of law (2) as to which there is a substantial ground for difference of opinion, and (3) an immediate appeal from the order may materially advance the ultimate termination of the litigation." *Osuji*, 285 F. Supp. 3d at 558 (citation omitted); *see also In re Segal*, 557 B.R. 46, 51 (E.D.N.Y. 2016) (same); *In re Futter Lumber Corp.*, 473 B.R. 20, 26 (E.D.N.Y. 2012) (same); *Yerushalmi*, 405 B.R. at 47 (same). "[A]ll three requirements . . . must be met for a [c]ourt to grant leave to appeal." *In re Segal*, 557 B.R. at 51 (quoting *Thaler v. Estate of Arbore*, 443 B.R. 271, 275 (E.D.N.Y. 2010)); *see also In re Futter Lumber Corp.*, 473 B.R. at 26 (same). In addition, the party seeking the

interlocutory appeal bears the burden of showing that "exceptional circumstances exist that warrant an interlocutory appeal, to justify a departure from the basic policy of avoiding appellate review until a final decision on the merits." *Osuji*, 285 F. Supp. 3d at 558 (citation omitted); *see also Buchskin Realty Inc. v. Greenberg*, 552 B.R. 40, 43 (E.D.N.Y. 2016) (same); *In re Segal*, 557 B.R. at 51 (same); *In re Perry H. Koplik & Sons, Inc.*, 377 B.R. 69, 73 (S.D.N.Y. 2007) (same).

An order involves a controlling question of law where "reversal of the bankruptcy court's order would (1) terminate the action or (2) materially affect the outcome of the litigation." *Osuji*, 285 F. Supp. 3d at 558 (quoting *Buckskin Realty Inc.*, 552 B.R. at 44); *see also In re Futter Lumber Corp.*, 473 B.R. at 27 (same). In addition, the question of law "must refer to a 'pure' question of law that the reviewing court could decide quickly and cleanly without having to study the record." *In re Futter Lumber Corp.*, 473 B.R. at 27 (citation omitted); *see also In re Adelphia Comm's Corp.*, 333 B.R. at 658 (same); *MCI WorldCom Comm's*, 358 B.R. at 79 (same). It also must be controlling "in the sense that reversal of the bankruptcy court would terminate the action, or at a minimum that determination of the issue on appeal would materially affect the litigation's outcome." *In re Adelphia Comm's Corp.*, 333 B.R. at 658 (citation omitted); *see also MCI WorldCom Comm's*, 358 B.R. at 79 (same).

There is substantial ground for a difference of opinion where (1) "there is conflicting authority on the issue" or (2) "the issue is particularly difficult and of first impression for the Second Circuit." *Osuji*, 285 F. Supp. 3d at 558 (quoting *Buckskin Realty Inc.*, 552 B.R. at 44); *see also In re Adelphia Comm's Corp.*, 333 B.R. at 658 (explaining that the substantial ground for a difference of opinion "must arise out of a genuine doubt as to the correct applicable legal standard relied on in the order," *e.g.*, if the issue is "difficult" and "of first impression");

*Yerushalmi*, 504 B.R. at 48 (declining to exercise jurisdiction over the bankruptcy appeal because there was no "genuine doubt" as to whether the bankruptcy court applied the correct legal standard).

An immediate appeal may materially advance the ultimate termination of the litigation when the "appeal promises to advance the time for trial or to shorten the time required for trial." *Osuji*, 285 F. Supp. 3d at 558; *see also In re Perry H. Koplik & Sons, Inc.*, 377 B.R. at 74 (same).

### a. The April 9, 2019 Order is not a final order

The April 9, 2019 Order denying Appellant's motion to stay the turnover of funds is not a final order because it did not "finally dispose" of "an entire claim on which relief may be granted." *In re Penn Traffic Co.*, 466 F.3d at 77–78; *In re Fugazy Exp., Inc.*, 982 F.2d at 775. Instead, the April 9, 2019 Order instructed the turnover of funds pending resolution of the underlying dispute. *See Sapere Wealth Mgmt. LLC v. MF Glob. Holdings Ltd.*, 546 F. App'x 56, 57 (2d Cir. 2013) (agreeing with the district court that the bankruptcy court's order was not final because it "did not foreclose [the appellant's] ability to continue to assert [his claim]"); *In re Perry H. Koplik & Sons, Inc.*, 377 B.R. at 73 (finding that a bankruptcy court order that "did not address the merits of the parties' underlying disputes" was not a final order).

Accordingly, Appellant's appeal may only proceed if Appellant has sought leave to appeal and can demonstrate that the bankruptcy court's order "(1) involves a controlling question of law (2) as to which there is a substantial ground for difference of opinion, and (3) an immediate appeal from the order may materially advance the ultimate termination of the litigation." *Osuji*, 285 F. Supp. 3d at 558 (citation omitted). As explained below, Appellant has not made the requisite showing.

### b. The Court declines to exercise jurisdiction as to do so would be inappropriate

The Court construes Appellant's notice of appeal as a motion for leave to file an appeal. *See* Fed. R. Bankr. P. 8004(d) (A district court may "treat the notice of appeal as a motion for leave and either grant to deny it."); *In re Segal*, 557 B.R. at 51 (quoting same); *MCI World Com Comm's*, 358 B.R. at 78 (treating the appellant's notice of appeal as a motion for leave to appeal). However, because the exercise of jurisdiction would be inappropriate in this case, the Court nevertheless dismisses the appeal.

First, the order does not involve a controlling question of law because reversal of the bankruptcy court's order would neither terminate the action nor materially affect the outcome of the litigation. *See Osuji*, 285 F. Supp. 3d at 558. The bankruptcy court order directed the turnover of funds and stayed the funds "pending a final determination of the questions raised." (Notice of Appeal 16.) Thus, the April 9, 2019 Order does not affect the merits of the underlying dispute.

Second, there is no substantial grounds for difference of opinion, as the bankruptcy court relied on the controlling standard in adjudicating Appellant's motion to stay. (*See id.* at 14–15); *see also In re Adelphia Comm's Corp.*, 333 B.R. at 658 (explaining that the substantial ground for a difference of opinion "must arise out of a genuine doubt as to the correct applicable legal standard relied on in the order").

Third, an immediate appeal would not materially advance the ultimate termination of the litigation because the April 9, 2019 Order is irrelevant to the merits of the underlying dispute. *In re Enron Creditors Recovery Corp.*, 410 B.R. 374, 379 (S.D.N.Y. 2008) (declining to grant leave to appeal non-final order where addressing the order would "not resolve the litigation" as "the issue [did] not go to the merits of th[e] litigation at all").

5

Accordingly, the Court declines to grant Appellant leave to appeal the April 9, 2019 Order.

**II. Conclusion**

For the foregoing reasons, the Court dismisses Appellant's appeal of the April 9, 2019 Order. The Court also denies Appellant's motion for a stay as moot. The Court directs the Clerk of Court to close this case.

Dated: April 26, 2019
       Brooklyn, New York

SO ORDERED:

      /s/ MKB
MARGO K. BRODIE
United States District Judge